## First National Bank of Hopkinsville v. Pierce.

(Decided May 4, 1923.)

### Appeal from Christian Circuit Court.

Chattel Mortgages—Landlord's Prior Lien Extends to Price of Supplies Sold in Contemplation of Tenancy.—The landlord's superior lien given by Ky. Stats., section 2323, upon the crop of the tenant for money or property furnished the tenant to enable him to raise the crop, protects the landlord's claim under a contract for the sale of supplies and equipment to the tenant, made before the lease was entered into but in contemplation thereof, so as to give the landlord priority for such claim over a mortgage of the crop by the tenant.

J. W. DOWNER for appellant.

FRANK RIVES for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This controversy arises over opposing claims to the proceeds from the sale of some tobacco raised on the farm of appellee by Frank B. and Guy S. Smithson during the year 1920. Appellant claims a prior lien on the proceeds under a mortgage executed by Smithson Brothers in November, 1920, and appellee's claim rests on section 2323 of Kentucky Statutes.

Smithson Brothers became the tenants of appellee in January, 1920, for a term of three years, under a contract by which appellee was to receive one-third and the tenants two-thirds of the crops raised on the farm. Prior

to entering into the contract appellee sold to Smithson Brothers the teams, tools, equipment and some supplies on the farm for about $8,000.00, $2,000.00 of which Smithson Brothers agreed to pay January 1, 1921. The balance was to be paid in equal installments on January 1, 1922 and 1923, respectively. To secure the payment of this indebtedness Smithson Brothers executed and delivered to appellee a mortgage on the teams, tools and equipment, and pledged to him an insurance policy of $1,000.00 on the life of Frank B. Smithson. The supplies included in the sale, amounting to more than $2,000.00 in value and consisting of hay, flour and meat, were not included in the mortgage. During the cropping season Smithson Brothers borrowed from appellant various sums of money, aggregating more than $1,500.00, and in November of 1920 mortgaged their crops to appellant to secure the payment of this indebtedness. In the latter part of 1920 it became apparent that Smithson Brothers would not be able to pay the note maturing on January 1, 1921, and they then resold the teams, tools and equipment to appellee for $6,000.00. They moved from the farm, but left a crop of tobacco in one of the barns, and appellee took charge of it, had it prepared for the market, and, after consulting with them, sold it. Their interest in the proceeds amounted to about $600.00. It is that fund that is the subject of this litigation.

The trial court held that appellee's claim was superior to the lien of appellant under its mortgage of November, 1920. That ruling is attacked on the ground that the indebtedness due appellee is not protected by section 2323 of Kentucky Statutes. The fact that there were two separate contracts between Smithson Brothers and appellee, one relating to the sale of the equipment and supplies and the other to the leasing of the farm, is said to be decisive of the question. It is pointed out that Smithson Brothers were vendees as to the supplies and tenants as to the farm, and on that premise it is argued that the statute, *supra,* is inapplicable.

Conceding the existence of a dual relationship between Smithson Brothers and appellee, it is nevertheless true that the first contract was entered into in contemplation of the second, and indeed it is not seriously contended that Smithson Brothers would have purchased the equipment and supplies, nor that appellee would have sold them, if the parties at the time had not fully expected to enter into the contract of tenancy. With

that in mind, can it be said that the statute is inapplicable because the two contracts were not embraced in one or were not simultaneously made?

The statute provides, that the ''landlord shall have a superior lien, against which the tenant shall not be entitled to any exemption, upon the whole crop of the tenant raised upon the leased or rented premises to reimburse him for money or property furnished to the tenant to enable him to raise the crop, or to subsist whilst carrying out his contract of tenancy.'' This language is mandatory and applies to every case where the landlord furnishes property or supplies to the tenant to enable him to raise a crop, regardless of whether the supplies were furnished before, contemporaneously with, or after the making of the contract of tenancy. The question is: Were they furnished to enable the tenant to raise the crop? On that question as presented here there is, in our opinion, no doubt of the correctness of the trial court's decision. Supplies of the value of more than $2,-000.00 were sold to Smithson Brothers. The evidence shows that the contract under which they were sold was entered into in contemplation of the tenancy, both parties recognizing that the second contract could not be made nor carried out except for the consummation of the prior agreement as to equipment and supplies. The supplies were consumed by Smithson Brothers during the summer of 1920 while cultivating the farm according to their obligations under the contract of tenancy. The statute clearly gives to appellee a prior lien on the crop raised for the value of these supplies. The unpaid balance of that value being more than the fund in controversy, it must be held, as adjudged by the court below, that appellee's lien on that fund is superior to the mortgage claim of appellant.

The judgment is accordingly affirmed.